UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MYRA JANE MRAZ ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| NCO FINANCIAL SYSTEMS, INC., ) | |
| and ) | JURY TRIAL DEMANDED |
| MICHAEL J. ADAMS P.C., ) | |
| and ) | |
| AMERICAN EXPRESS ) | |
| CENTURION BANK ) | |
| ) | |
| Defendants ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Myra Jane Mraz, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire, complaining of Defendants and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Myra Jane Mraz (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a principal place of business in this District.

## III.   PARTIES

4. Plaintiff, Myra Jane Mraz, is an adult natural person residing at 1605 Charlottesville Street, Ennis, TX 75119. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCO Financial Systems, Inc. at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of Texas and the Commonwealth of Pennsylvania with its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant, Michael J. Adams P.C., at all times relevant hereto, is and was a professional corporation engaged in the business of collecting debt within the State of Texas and has a principal place of business located at 19230 Stone Oak Parkway, Suite 310, San Antonio, TX.

7. Defendant, American Express Centurion Bank, at all times relevant hereto, is and was a financial institution which regularly extends lines of credit to consumers

within the State of Utah and the State of Texas, and has a registered office located at 4315 S 2700 W, Salt Lake City, Utah 84184-0001.

8. Defendants NCO Financial Systems, Inc. and Michael J. Adams P.C. are engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

9. Defendant, American Express Centurion Bank, in an effort to procure payment on a debt allegedly owed by Plaintiff, engaged in a series of unfair and misleading tactics aimed at the Plaintiff.

10. Defendant, American Express Centurion Bank, simultaneously sent the account to Defendants, Michael J. Adams P.C. and NCO Financial Systems, Inc., in an attempt to collect Plaintiff's alleged debt.

11. Plaintiff received a letter dated February 24, 2010, from Defendant, Michael J. Adams P.C. that declared they were hired to represent Defendant, American Express Centurion Bank, regarding an alleged debt. See a copy of the letter appended hereto and marked "**EXHIBIT A**".

12. Plaintiff later received a letter from Defendant, NCO Financial Systems, Inc. dated March 12, 2010 which also stated they were hired to represent Defendant, American Express Centurion Bank for the same account. See a copy of the letter appended hereto and marked "**EXHIBIT B**".

13. The account number 373962342552007 listed on the document received from Defendant, Michael J. Adams P.C. corresponds with the account number listed on the document from Defendant, NCO Financial Systems, Inc.

14. Plaintiff received initial correspondence from Defendant, NCO Financial Systems, Inc. less than less thirty days after the initial collection notice was received from Defendant, Michael J. Adams P.C.

15. Plaintiff was not allotted her time frame of thirty days to dispute the alleged debt, nor was she allowed the full thirty days to make payment in full as the letter from Defendant, Michael J. Adams P.C. details, before Defendant, NCO Financial Systems, Inc. attempted to collect.

16. Plaintiff sent Defendant, Michael J. Adams P.C. a cease and desist letter on March 19, 2010 via United Stated Postal Service 'Certified Mail'. See a copy of the letter appended hereto and marked "**EXHIBIT C**".

17. Plaintiff then received a notice in the mail dated March 29, 2010 that she had been sued by Defendant, Michael J. Adams P.C., who she presumed no longer was handling the account due to the involvement of Defendant, NCO Financial Systems, Inc. See a copy of the letter appended hereto and marked "**EXHIBIT D**".

18. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

19. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(c): After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication

§ 1692d: Any conduct the natural consequence of which is to harass, oppress, or abuse any person

§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

  § 1692e(10):   Any false representation or deceptive means to collect a debt or obtain information about a consumer

  § 1692f:   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against NCO Financial Systems, Inc., Michael J. Adams P.C., and American Express Centurion Bank for the following:

  a.   Actual damages;

  d.   Statutory damages pursuant to 15 U.S.C. §1692k;

  c.   Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d.   Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: April 14, 2010

BY: /s/ Bruce K. Warren
Bruce K. Warren, Esquire
BY: /s/ Brent F. Vullings
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff